

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Murphy Cole
County Auditor
Liberty County
Liberty, Texas

Dear Sir:

Opinion No. 0-1280
Re: Length of vehicles under
Articles 827a, Section 2,
and 827a, Section 3, Ver-
non's Annotated Texas Stat-
utes.

We acknowledge receipt of your letter of August 14, 1939, in which you request the opinion of this department relative to the length of vehicles permitted under Sections 2 and 3 of Article 827a, Vernon's Annotated Texas Statutes. In this connection we quote the following three paragraphs from your letter in order to identify the fact situation upon which this opinion is rendered:

"Sec. 3(d) of House Bill 336, Chapter 282, page 507, General Laws, Regular Session, Forty-second Legislature says: 'No train or combina-tion of vehicles or vehicle operated alone shall carry any load extending more than three (3) feet beyond the front thereof, nor, except, as herein-before provided, more than four (4) feet beyond the rear thereof.'

"Sec. 2 of the same House Bill 336 gives authority for issuance of a special permit for a vehicle or combination of vehicles to exceed a length of 45 feet.

"The question which we wish answered is this: Does a special permit which allows a length of more than 45 feet imply the right of carrier to haul a load which will extend more than 3 feet in front or more than 4 feet in the rear of his ve-hicle?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Murphy Cole, Page 2

So much of Section 2 of Article 827a as is perti‑nent reads as follows:

"It shall be unlawful and constitute a mis‑demeanor for any person to drive, operate or move or for the owner to cause or permit to be driven, operated, or moved on any highway, any vehicle or vehicles of a size or weight exceeding the limi‑tations stated in this Act or any vehicle or ve‑hicles which are not constructed or equipped as required in this Act, or to transport thereon any load or loads exceeding the dimensions or weight prescribed in this Act; provided the department, acting directly or through its agent or agents designating in each county shall have and is here‑by granted authority to grant permits limited to periods of ninety (90) days or less for the trans‑portation over state highways of such overweight or oversize or overlength commodities as cannot be reasonably dismantled or for the operation over state highways of super-heavy and oversize equipment for the transportation of such oversize or overweight or overlength commodities as can‑not be reasonably dismantled; . . ."

Article 827a, Section 3, paragraph c, reads as follows:

"No motor vehicle, commercial motor vehi‑cle, truck-trailer, trailer, or semi-trailer shall exceed a length of thirty-five (35) feet, and no combination of such vehicles coupled to‑gether shall exceed a total length of forty-five (45) feet, unless such vehicle or combina‑tions of vehicles is operated exclusively with‑in the limits of an incorporated city or town."

As you have indicated in the quoted portion of your letter, Section 2 of Article 827a makes provisions for the issuance of special permits for the operation over state highways of oversized equipment in the event such equipment is necessary for the transportation of over‑weight, oversized or overlength commodities which cannot be reasonably dismantled. This provision creates an ex‑ception to the length specified in paragraph c of Section 3, Article 827a, for vehicles and a combination of vehicles.

Honorable Murphy Cole, Page 3

You will note that paragraph d, Section 3, Article 827a, provides that no vehicle or combination of vehicles shall carry a load which extends more than three feet beyond the front thereof nor "except as hereinbefore provided, more than four feet beyond the rear thereof". Construing together all of the above-quoted statutory provisions we find that the Legislature prohibited any vehicle or combination of vehicles from carrying a load which extended more than three feet beyond the front of the vehicle or combination and did not provide for any exception to this requirement, but the wording of paragraph d, Section 3, Article 827a, makes it equally clear that the Legislature did anticipate that an overlength load might extend more than four feet beyond the rear of the conveying vehicle or combination of vehicles.

It is, therefore, the opinion of this Department that a special permit for the operation of an overlength vehicle does not imply the right of a carrier to haul a load which extends more than three feet beyond the front of the vehicle. On the other hand, a permit for the transportation of overlength commodities or for the operation of oversize equipment for the transportation of such overlength commodities does carry with it as an incidental privilege the right to extend the load, if necessary, more than four feet from the rear of such vehicle.

The other question presented in your letter requests that we determine what is meant by the "rear" of a vehicle and we presume that you refer to the language of paragraph d, Section 3 of Article 827a, we regret to advise you that the issue which you here present is one purely of fact and is not a subject upon which this Department can attempt to render an opinion.

Yours very truly

APPROVED SEP 16, 1939

*Gerald Mann*

ATTORNEY GENERAL OF TEXAS

RC:LM

ATTORNEY GENERAL OF TEXAS

By *Ross Carlton*

Ross Carlton
Assistant

APPROVED
OPINION
COMMITTEE
BY *Ellp*
CHAIRMAN